UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARLENE HENCHEN,<br>    Individually and as Administratrix<br>    of the Estate of ROBERT HENCHEN,<br>    Deceased,<br>                     Plaintiff<br>    vs.<br><br>THE COUNTY OF ERIE, NEW YORK,<br>SHERIFF TIMOTHY HOWARD,<br>    Individually and in his official<br>    capacity as Sheriff of Erie County,<br>DONALD LIVINGSTON,<br>    Individually and in his official<br>    capacity as Superintendent of the<br>    Erie County Holding Center,<br>BRIAN JOSEPH, M.D.,<br>    The Erie County Holding Center and<br>NIKKI FERA, R.N.<br>    The Erie County Holding Center<br><br>                     Defendants | Civil Action No.<br>_____<br><br><br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Darlene Henchen by her attorney, John J. Molloy, Esq., for her Complaint against defendants, Erie County, Sheriff Timothy Howard, Donald Livingston, Superintendent of the Erie County Holding Center, Brian Joseph, M.D. and Nikki Fera, R.N., alleges as follows:

1

## **PARTIES**

1. That at all times herein after mentioned the plaintiff, Darlene Henchen, was and is a citizen of the United States and a resident of Erie County and the State of New York.

2. Defendant, County of Erie (hereinafter "County") is a political subdivision of the State of New York created and recognized by the State of New York. The County is responsible for the management and operations of the Erie County Holding Center which is located at 40 Delaware Avenue, Buffalo, New York 14202.

3. That at all times relevant to this action, defendant Timothy Howard was the Sheriff of Erie County, New York and was responsible for the establishment, administration and implementation of policies and procedures at the Erie County Holding Center.

4. That at all times relevant to this action, defendant Donald Livingston, was the Superintendent of the Erie County Holding Center and was responsible for the establishment, administration and implementation of policies and procedures at the Erie County Holding Center.

5. Upon information and belief, and at all times relevant to this action,

the defendant, Brian Joseph, M.D. was and still is a resident of Erie County, New York and acted as an independent contractor with the County providing psychiatric services at the Erie County Holding Center.

6. Upon information and belief, and at all times relevant to this action, Nikki Fera, R.N. was employed as a nurse by the Erie County Holding Center Medical Department.

7. That at all times relevant to this action, the plaintiff Darlene Henchen was married to Robert J. Henchen.

8. That on or about July 31, 2007 Letters of Administration were issued by the Surrogate's Court of Erie County to Darlene Henchen, duly appointing her as the Administratrix of the Estate of Robert J. Henchen.

9. On August 13, 2007 the plaintiff caused to be served upon the County of Erie, the Erie County Sheriff's Department and the Erie County Holding Center a verified Notice of Claim as required by Section 50-E of the General Municipal Law of the State of New York.

## JURISDICTION

10. This Court has subject matter jurisdiction over the plaintiff's claim pursuant to 28 U.S.C. § 1331 and 1343 (a)(3)(4), 42 U.S.C. § 1983 and the 14th Amendment to the Constitution of the United States.

11. All the alleged acts occurred in the County of Erie.

## VENUE

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because this District is where the events, giving rise to the claims set forth below, occurred.

## STATEMENT OF FACT

13. That on or about January 19, 2007 Robert J. Henchen was taken into custody by the Erie County Sheriff's Department and housed at the Erie County Holding Center. He was continuously in the custody of the Erie County Sheriff's Department until his death on May 19, 2007.

14. That from the period of January 19, 2007 until February 7, 2007 decedent was housed in the constant observation unit.

15. That prior to January 19, 2007 decedent had been housed at the Erie County Holding Center. In 2003 decedent was diagnosed as suffering from paranoid schizophrenia. The inmate records of the Erie County Holding Center for the period of January 23, 2003 through April 17, 2003 contain numerous references to decedent's bizarre behavior and deteriorating mental condition. At the time of his 2003 stay at the Erie County Holding Center, decedent was taking numerous prescribed medications for his condition.

16. In 2003 when Robert Henchen was an inmate at the Erie County Holding Center he was examined and treated by the Defendant, Brian Joseph, M.D.

17. That during the period of January 19, 2007 through May of 2007 the personnel at the Erie County Holding Center, under the supervision of defendants, Timothy Howard and Donald Livingston, were knowledgeable about decedent's mental condition. They were also aware that decedent was taking prescribed medications.

18. That sometime in early May of 2007 decedent began to urinate in his immediate housing area and on himself. This behavior was known to personnel at the Holding Center.

19. That at approximately the same time period the decedent was not sleeping. This behavior was known to personnel at the Holding Center.

20. That sometime in early May of 2007, decedent refused to eat the meals provided. This behavior was known to personnel at the Erie County Holding Center.

21. That sometime in early May of 2007, decedent refused to take his prescribed medications. This behavior was known to personnel at the Holding Center.

22. That these events should have been seen as psychotic episodes by the staff at the Erie County Holding Center.

23. That the defendants, Timothy Howard, Donald Livingston, Brian Joseph, M.D. and Nikki Fera, R.N. being in a position to know the mental condition of the decedent, failed to properly supervise and/or provide for the adequate mental health care of the decedent.

24. That on or about May 15, 2007 the decedent was to appear in court. Prior to the time of his appearance, the decedent's physical deterioration from lack of water, food, sleep and medication was readily apparent to members of the medical staff of the Holding Center. Mr. Henchen's physical and mental condition represented a life threatening medical emergency on that date.

25. Based on information and belief, Nikki Fera after assessing decedent approved decedent's appearance in court.

26. Based on information and belief, the care and management of individuals who are incarcerated is a shared responsibility of the Holding Center Security Staff and Medical Department and Forensic Service.

27. That the defendants, Timothy Howard, Donald Livingston, Brian Joseph, M.D. and Nikki Fera, R.N. by their positions at the Erie County Holding Center have a duty of care to the inmates in their custody. Being in a position to

know the physical condition of the decedent they failed to provide appropriate medical care prior to May 15, 2007 and breached their duty of care.

28. That on May 15, 2007 the decedent was taken by ambulance from Erie County Supreme Court to the Erie County Medical Center. At the time of admittance employees of the Erie County Holding Center under the supervision of defendants, Timothy Howard and Donald Livingston, stated that the decedent was not taking food or medication for seven (7) days.

29. That on May 19, 2007 Robert J. Henchen died at the Erie County Medical Center.

30. That an autopsy performed on May 21, 2007 showed bronco-pneumonia due to starvation and dehydration with electrolyte imbalance as the cause of death.

## PLANTIFF'S FIRST CAUSE OF ACTION

31. Plaintiff repeats and re-alleges all of the allegations contained in the above paragraphs as though fully forth below.

32. That by reason of the foregoing and the acts and negligence of the defendants described above Robert J. Henchen was caused to suffer wrongful death.

33. That Robert J. Henchen was survived by distributees.

34. That the death of Robert J. Henchen has caused pecuniary injuries to his distributees.

## PLAINTIFF'S SECOND CAUSE OF ACTION

35. Plaintiff repeats and re-alleges all of the allegations in the above paragraphs as if fully set forth below.

36. That the defendants had actual knowledge of the mental and physical condition of the decedent prior to May 15, 2007. The defendants' failure to properly supervise and/or provide adequate mental health and physical care for Robert J. Henchen constituted negligence on the part of Erie County, Timothy Howard, Donald Livingston, Brian Joseph, M.D. and Nikki Fera, R.N.

37. That as a result of the negligence of the defendants, decedent suffered severe and permanent injuries which caused great pain and suffering from early May 2007 until his death on May 19, 2007.

## PLAINTIFF'S THIRD CAUSE OF ACTION

38. Plaintiff repeats and re-alleges all of the allegations contained in the above paragraphs as though fully set forth below.

39. That the defendants had actual knowledge of the mental and physical

condition of Robert Henchen prior to May 15, 2007, yet denied adequate medical care to the decedent.

40. At all times defendants, Timothy Howard, Donald Livingston, Brian Joseph, M.D. and Nikki Fera, R.N. were acting under the color of the law of State of New York and deprived the plaintiff of the privileges and immunities guaranteed to every citizen of the United States, including the plaintiff, by the United States Constitution, including the 14th Amendment of the United States Constitution pursuant to the provisions 42 U.S.C. § 1983.

## JURY DEMAND

41. Plaintiff requests a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Darlene Henchen as Administratrix of the Estate of Robert J. Henchen demands judgment against the defendants and each of them jointly and severally for compensatory damages in a sum in excess of Two Hundred and Fifty Thousand Dollars ($250,000), for attorney's fees, for costs expended herein, for interest, for equitable relief and for such other and further relief both at law and in equity, to which the plaintiff may show herself to be justly entitled.

Dated:   July 7, 2008
         West Seneca, New York

                              /s/ John J. Molloy
                              John J. Molloy, Esq.
                              Attorney for Plaintiff
                              4268 Seneca Street
                              West Seneca, NY 14224
                              (716) 675-5050
                              jmolloy@johnmolloylaw.com