UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARLENE HENCHEN,
Individually and as Adminstratrix of the
Estate of ROBERT HENCHEN,
Deceased,                                            **ANSWER**

                          Plaintiff,          **Civil Docket No. 08-CV-0529(S)**

vs.

THE COUNTY OF ERIE, NEW YORK,
SHERIFF TIMOTHY HOWARD,
       Individually and in his official capacity as
       Sheriff of Erie County,
DONALD LIVINGSTON,
       Individually and in his official capacity as
       Superintendent of the Erie County Holding
       Center,
BRIAN JOSEPH, M.D., and
NIKKI FERA, R.N.

                      Defendants.
_____

       Defendants, THE COUNTY OF ERIE, NEW YORK,

SHERIFF TIMOTHY HOWARD, Individually and in his official capacity as Sheriff of Erie

County, DONALD LIVINGSTON, Individually and in his official capacity as Superintendent of

the Erie County Holding Center, BRIAN JOSEPH, M.D., and NIKKI FERA, R.N. ("County

defendants), by their attorney, CHERYL A. GREEN, ESQ., Erie County Attorney,

THOMAS F. KIRKPATRICK, JR., Assistant County Attorney, of Counsel, for their Answer to

plaintiff's Amended Complaint herein alleges:

     1.    Admits the allegations as phrased in paragraph 6 of plaintiff's Complaint.

     2.    Denies the allegations contained in paragraphs 23, 24, 27, 32, 34, 36, 37, 39, and 40

of plaintiff's Complaint.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 7, 8, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 28, 29, 30, 33,  and  of plaintiff's Complaint.

4.     With respect to the allegations contained in paragraph 2 of plaintiff's complaint, admits that the County of Erie is a political subdivision of the State of New York created and recognized by the State of New York, but denies the balance of said paragraph as it calls for a legal conclusion.

5.     With respect to paragraph 3 of plaintiff's complaint, admits that defendant, Timothy Howard was the Sheriff of Erie County but denies the balance of said paragraph as it calls for a legal conclusion.

6.     With respect to paragraph 4 of plaintiff's complaint, admits that defendant, Donald Livingston, was the Superintendent of the Erie County Holding Center, but denies the balance of said paragraph as it calls for a legal conclusion.

7.     With respect to paragraph 5 of plaintiff's complaint, admits that defendant, Brian Joseph, M.D. was a resident of Erie County but denies knowledge or information sufficient to form a belief as to the truth of the balance of said allegation.

8.     With respect to paragraph 9 of plaintiff's Complaint, admits that the plaintiff caused a Notice of Claim to be served upon the County of Erie, but denies the balance of said paragraph as it calls for a legal conclusion.

9.     With respect to paragraph 10, neither admits or denies the allegation that the court has jurisdiction on the ground that it seeks a legal conclusion.

10.     With respect to paragraph 12, neither admits or denies the allegation that the court has jurisdiction on the ground that it seeks a legal conclusion.

11.     With respect to paragraph 26, neither admits or denies the allegation that the court has jurisdiction on the ground that it seeks a legal conclusion

12.     Answering paragraphs 31, 35, and 38 of the complaint, repeats, restates and realleges its answers to each and every allegation incorporated therein by reference with the same force and effect as if more fully set forth herein.

13.     Denies each and every other allegation not heretofore specifically admitted or denied.

## AS AND FOR A FIRST DEFENSE

14.     Each of the causes of action fail to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

15.     Plaintiff has wholly failed to comply with the mandatory notice of claim requirements of New York State law as are applicable to any possible pendent State claims asserted in plaintiff's Complaint.  Therefore, any pendent State claims asserted in plaintiff's Complaint must be dismissed.

### AS AND FOR A THIRD DEFENSE

16.     The named defendant is immune from the instant suit and immune from any liability to plaintiff for damages, since the said defendant acted towards plaintiff in good faith and with an objectively reasonable belief that its actions were lawful and not in violation of any of plaintiff's clearly established constitutional rights.  Consequently, plaintiff's claims must be dismissed.

### AS AND FOR A FOURTH DEFENSE

17.     Each of the causes of action are time barred in whole or in part by the applicable statute of limitations and/or filing deadlines.

### AS AND FOR A FIFTH DEFENSE

18.     Each of the causes of action are barred in whole or in part by the doctrine of laches, waiver, and/or estoppel.

### AS AND FOR A SIXTH DEFENSE

19.     Plaintiff has failed to exhaust her administrative remedies.

### AS AND FOR AN SEVENTH DEFENSE

20.     At the time of trial it may appear that culpable conduct on the part of the plaintiff may have resulted in or contributed to the damages claimed, and if so, then in the event that plaintiff is entitled to recover, the amount of the damages otherwise recoverable should be

diminished in the proportion which the culpable conduct attributable to plaintiff bears to the

culpable conduct (which is expressly denied) which caused such damages.

## AS AND FOR A EIGHTH DEFENSE

21.     All or part of each item of economic loss may have been paid, replaced or

indemnified in whole or in part from collateral sources or with reasonable certainty, will be paid,

replaced or indemnified in the future from such collateral sources and that to the extent, in the

event plaintiff recovers any judgment herein, the amounts plaintiff recovers should be reduced by

such amounts as have been or may be recovered in whole or in part from collateral sources.

## AS AND FOR A NINTH DEFENSE

22.     The actions of the defendants involved discretionary decisions which are

protected by quasi judicial immunity.

## AS AND FOR AN TENTH DEFENSE

23.     Plaintiff has failed to mitigate his damages.

## AS AND FOR A ELEVENTH  DEFENSE

24.     The actions of the defendants involved discretionary decisions which are

protected by quasi judicial immunity.

## AS AND FOR A TWELFTH DEFENSE

25.     The plaintiff may not recover against the defendant, Timothy Howard under a theory of respondeat superior for the actions of his deputies and therefore the plaintiff's claims must be dismissed.

## JURY TRIAL DEMAND

A trial by jury is hereby demanded on all issues in this matter.

**WHEREFORE**, defendants, Erie County Sheriff's Department and Patrick Gallivan , respectfully demands judgment as follows:

1.     Dismissing the Complaint herein;

2.     Directing that the plaintiff's damages, in the event that the plaintiff is entitled to recover, be diminished by the proportion which the culpable conduct of the plaintiff bears to the culpable conduct which caused or contributed to said damages; and

3.     Granting such other and further relief as the court deems just and proper, together with the costs and disbursements of this action.

DATED:      Buffalo, New York
               October 20, 2008

                              CHERYL A. GREEN, ESQ.
                              Erie County Attorney and
                              Attorney for Defendants Erie County Sheriff's
                              Department and Patrick Gallivan


                              By:___s/ Thomas S. Kirkpatrick, Jr._____
                              THOMAS F. KIRKPATRICK, JR.
                              Assistant County Attorney, of Counsel
                              Office and Post Office Address

6

69 Delaware Avenue, Suite 300
Buffalo, New York   14202
(716) 858-2203
Email address: kirkpatt@erie.gov

TO:     John J. Molloy, Esq.
        Attorney for Plaintiff
        4268 Seneca Street
        West Seneca, New York 14224
        (716) 675-5050
        Email address: jmolloy@johnmolloylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2008, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

John J. Molloy, Esq.
Attorney for Plaintiff
4268 Seneca Street
West Seneca, New York 14224
(716) 675-5050
Email address: jmolloy@johnmolloylaw.com


S/ Thomas F. Kirkpatrick, Jr.
**Thomas F. Kirkpatrick, Jr., Esq.**
Assistant County Attorney, of Counsel
Office and Post Office Address
69 Delaware Avenue, Suite 300
Buffalo, New York   14202
(716) 858-2203
Email address: kirkpatt@erie.gov